## MOULTON *v.* WENDELL.

Where a cause of action is alleged to have accrued after the decease of the testator, and the executor might sue in his own right, judgment may be entered against him *de bonis propriis.*

In the case of insolvent estates, executors are authorized by statute to hold possession of the real estate of the deceased until the final settlement of the estate, and to maintain actions for the recovery of possession of it. Where, therefore, executors brought an action, alleging themselves to be seized of real estate of the deceased as executors, and that the tenant disseized them, it was *held* that judgment against them for costs was properly rendered *de bonis propriis.*

DEBT, upon a jail-bond, given by A. and J. Wendell as principals, and the other defendants as sureties, the condition of which was not performed. The bond was given to effect the release of the principals, from arrest upon an execution for costs, issued against them in favor of the plaintiff, upon a writ of review sued out by them against him. The original action was a writ of entry, and in it the said Wendells were described as executors of Dorothy Wendell, deceased, whose estate was administered in the insolvent course. The declaration alleged that the plain-

Moulton *v.* Wendell.

tiffs in that action were seized as executors of the said Dorothy Wendell, and that said Moulton disseized them. It is agreed that the estate of Dorothy Wendell was in fact heavily insolvent. It is also agreed that such judgment be rendered as, in the opinion of the court, the facts will warrant.

*H. A. Bellows,* for the defendant, cited *Wiggin* v. *Plumer,* 31 N. H. (11 Foster) 266 ; *Pillsbury* v. *Hubbard,* 10 N. H. 224 ; *Foord's Case,* 5 N. H. 311 ; and Rev. Stat., chap. 161, secs. 9, 11, 19 and 20.

*Carpenter,* for the plaintiff, cited *Pillsbury* v. *Hubbard,* 10 N. H. 224 ; *Alexander* v. *Follett,* 5 N. H. 499 ; *Ticknor* v. *Harris,* 14 N. H. 272 ; *Blanchard* v. *Goss,* 2 N. H. 491 ; *Morse* v. *Presby,* 25 N. H. (5 Foster) 303 ; *Stearns* v. *Veasey,* 33 N. H. 61 ; Rev. Stat., chap. 161, sec. 6 ; chap. 163, sec. 14.

BELL, J. The form of entering judgment against an administrator was fully discussed upon a writ of error, in *Pillsbury* v. *Hubbard,* 10 N. H. 224. It was there held that where an administrator institutes a suit for a cause of action purporting to have arisen in the life of the testator, or intestate, and the defendant prevails upon the merits, judgment is to be rendered against the goods and estate of the testator, or intestate ; but if the cause of action is *alleged* to have accrued after the decease of the testator, or intestate, and the executor or administrator might sue in his own right, judgment may be entered against him *de bonis propriis.*

In the original action these defendants, then plaintiffs, described themselves as executors of Dorothy Wendell, whose estate was administered in the insolvent course, and alleged that they were seized as executors, and the said Moulton disseized them. The cause of action is alleged to have accrued *to the plaintiffs* after the decease

of the testator. It *purports* to have arisen after the decease of the testator. Executors are vested by law with an estate in the lands of their testator, where the estate is settled as insolvent, continuing until the estate is finally settled. *Burgin* v. *McFarland,* 26 N. H. (6 Foster) 533. In such case the wrong done by a disseizor is done to the executors, so that at common law they were entitled to sue in their own right; though they are expressly authorized by the Revised Statutes to maintain such suits as executors; chap. 161, sec. 19. The case then is the precise case described in *Pillsbury* v. *Hubbard,* where the judgment may be rightfully entered against the executors, *de bonis propriis.* The authorities cited in that case fully sustain the opinion of the court, and a similar opinion is expressed in *Kenniston* v. *Little,* 30 N. H. (10 Foster) 322–3, and other more recent authorities cited in support of it; and we find nothing in the argument of the defendants which leads us to doubt the soundness of the opinions expressed in those cases.

We have examined the execution on which the arrest was made in this case, and find it is in form precisely like that in *Kenniston* v. *Little,* except the clause directing the arrest. It recites, like that, a judgment recovered against A. W. and J. W., administrators, with the will annexed, of the estate that was of D. W., &c., for costs taxed at, &c., as appears of record, and it commands the officer to levy that sum of the goods, chattels or lands of said debtors, and in default, &c., to arrest the said debtors and commit them, &c. In the case of *Kenniston* v. *Little* the execution was levied on the estate of the administrator, and trespass was brought on the ground that the execution authorized a levy only on the estate of the deceased; but it was held that this recital implied not a judgment against the estate of the deceased, but one against the administrator's own estate. The court will not presume, in the absence of any statement in the case to that effect, that the

execution does not correctly state the judgment on which it is issued. On the contrary, it must be regarded as evidence that the judgment is as it is recited. Neither will they presume, under such circumstances, that the judgment is not duly and legally rendered. On the contrary, if there is any case in which the judgment could be properly rendered in the form in which it is found, it will be presumed, in the absence of other proof, to have been rendered in such a case; but the case here leaves this matter in no doubt,— and the judgment was properly rendered, and the execution issued in proper form.

If this were otherwise, the judgment was merely erroneous, or the execution irregular; and, until reversed for error, or set aside for irregularity, they cannot be collaterally impeached. *Blanchard* v. *Goss*, 2 N. H. 491; *Morse* v. *Presby*, 25 N. H. (5 Foster) 303; *Keniston* v. *Little*, 30 N. H. (10 Foster) 324; *Kittredge* v. *Emerson*, 15 N. H. 262. It is not material to inquire whether the supposed defect is an error in the judgment, or a mere irregularity, since the effect here is the same. The parties are bound until a reversal of the judgment, or the proceeding is set aside on motion.

Regarded as an error it is probably beyond redress, the case having remained so long unquestioned that a writ of error could not be sustained. The same delay must operate as a complete bar to any application at this day to set aside the execution for irregularity.

It was said in the argument that an irregular execution is void, but in the more rigid sense of that term we think it is not so. Irregular process is not void, but voidable; not voidable every where, and in every way, but voidable by a seasonable application to the court to set it aside; but they may be ratified and confirmed by a release of the objection, or by a waiver, either express or implied, from the acts or negligence of the party interested to avoid them.

So it was said that if the execution is irregular it may be set aside at any time ; but the ordinary rule is, that in order to obtain an order of court, to set aside any proceeding for irregularity, the application must be made to the court for that purpose at the earliest practicable moment after the facts become known to the party whose interests are injuriously affected; and any unnecessary delay will operate as a waiver of the objection. *Keniston* v. *Little*, 30 N. H. (10 Foster) 318; *Blanchard* v. *Goss, Claggett* v. *Simes*, 31 N. H. (11 Foster) 66.

*Judgment for the plaintiff.*